UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE,
PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR
MANAGEMENT CORPORATION, and             **ORDER**
SCHOLARHIP FUNDS and their TRUSTEES,    10-cv-0582 (ADS)(GRB)
DALE STHUL MILLER, TODD HELFRICH,
PATRICK MORIN, DOUG O'CONNOR,
JOHN O'HARE, CHRIS FUSCO, ALAN EHL,
WILLIAM MACCHIONE, WILLIAM
BANFIELD, ROSE PEPE, ALAN SEIDMAN,
LLOYD MARTIN, LARRY THAYER,
WILLIAM WEIR, DAVID HAINES, FRANK
WIRT, TOM BURKE, JAMES LOGAN,
FRNAK JONES, AARON HILGER, ANGELO
MASSARO, JAMES JOLLEY,

          Plaintiffs,

    -against-

CREATIVE INSTALLATIONS, INC.

          Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Levy Ratner P.C.**
*Attorneys for the Plaintiffs*
80 Eighth Avenue
8th Floor
New York, NY 10011-5126
    By:   Owen M. Rumelt, Esq., of Counsel

**NO APPEARANCE:**

Creative Installations, Inc.

**SPATT, District Judge.**

      The Plaintiffs commenced this action on or about February 11, 2010, asserting claims for

damages pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") as amended,

29 U.S.C. 1001 et seq. On March 21, 2011, the Clerk of the Court noted the default of the Defendant Creative Installations, Inc. On October 17, 2011, the Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs. The case was subsequently transferred to United States Magistrate Judge Gary R. Brown.

On August 31, 2012, Judge Brown issued a thorough Report recommending that the Court enter default judgment against the Defendant Creative Installations, Inc. In particular, he recommended that the Plaintiffs be awarded damages as follows: (1) unpaid employee benefit contributions due and owing in the amount of $103,573.59; (2) attorneys' fees and costs in the amount of $3,029.50; (3) audit costs in the amount of $5,298.75; (4) interest on the unpaid contributions, calculated at the quarterly underpayment rate prescribed in 26 U.S.C. § 6621(a)(1)(2) or a contract rate if evidence of such rate is provided, upon the Plaintiffs' electronic filing of a schedule of such interest to be so ordered by the Court; and, (5) the statutory penalty, equal to interest on the unpaid contributions as set forth in the schedule to be filed. In total, he recommended the aggregate damages award to be $111,901.84, plus twice the interest on the unpaid contributions. With respect to contributions sought for hours worked by the President of Creative, Thomas Amodio, it was recommended that the Plaintiffs not be awarded these sums.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Brown's Report and finds it be persuasive and without any legal or factual errors.  There being no objection to Judge Brown's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Brown's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the Defendant in the amounts recommended by Judge Brown, namely (1) unpaid employee benefit contribution due and owing in the amount of $103,573.59; (2) attorneys' fees and costs in the amount of $3,029.50; (3) audit costs in the amount of $5,298.75; (4) interest on the unpaid contributions, calculated at the quarterly underpayment rate prescribed in 26 U.S.C. § 6621(a)(1)(2) or a contract rate if evidence of such rate is provided, upon plaintiffs' electronic filing of a schedule of such interest to be so ordered by the Court; and, (5) the statutory penalty, equal to interest on the unpaid contributions as set forth in the schedule to be filed; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
September 27, 2012

               ___/s/ Arthur D. Spatt_____
                ARTHUR D. SPATT
               United States District Judge